■ ANGELA T. SEEVERS, Appellant, v HENRY TANG, Respondent, et al., Defendants. [701 NYS2d 361] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 9, 1998, granting defendant Henry Tang's motion to dismiss the complaint on the basis of lack of in personam jurisdiction, unanimously affirmed, without costs.

Plaintiff alleges that her brother converted funds entrusted to him by her for investment purposes, claiming that he diverted funds into accounts with defendant financial institutions. The brother has lived and worked in California since 1991, returning to New York, where he conducts no business, only occasionally for family and social visits. A non-domiciliary may be subjected to personal jurisdiction in New York if he commits an out-of-State tort causing in-State injury and does business in the State (CPLR 302 [a] [3]), not demonstrated under these facts, or else transacts business here or contracts anywhere to provide services here (CPLR 302 [a] [1]). Although plaintiff alleges that the misappropriations, starting in 1997, were a continuation of his transaction of business in New York commencing in the 1980's with her entrustment of investment funds to him, there is no factual basis to find, as a basis for New York long arm jurisdiction, either that he committed tortious conduct in New York (CPLR 302 [a] [2]) or transacted business here contemporaneous with the alleged misappropriations. Dismissal is required (CPLR 3211 [a] [8]). We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Buckley, JJ.