■ ANGELA T. SEEVERS, Respondent, v GEORGETTE TANG, Appellant, et al., Defendants. [720 NYS2d 780] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 9, 1999, which, *inter alia*, denied defendant Georgette Tang's motion to dismiss the complaint against her pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.

Plaintiff's mother, defendant Georgette Tang, through her guardian, contends that, in view of this Court's affirmance of the motion court's dismissal, pursuant to CPLR 3211 (a) (8), of the action as against her son, Henry Tang, a California resident (*see, Seevers v Tang*, 268 AD2d 249), the complaint now fails to state a cause of action against her. According to Georgette Tang, the complaint does not seek affirmative relief af-

fecting her interest as co-owner of the brokerage accounts at issue. However, the motion court correctly determined that the complaint does indeed seek relief necessarily and directly affecting Georgette Tang's claims to the accounts. Nor is this action now subject to dismissal pursuant to CPLR 1003 for failure to join a person who should be joined, i.e., Henry Tang. Since Henry Tang will not consent to New York's jurisdiction, justice requires that the action proceed without his being made a party (see, CPLR 1001 [b]). Were this Court to determine, pursuant to CPLR 1001 (a), that Henry Tang is a "person who should be joined," and dismiss the action upon that ground pursuant to CPLR 1003, there is every reason to expect that, in a subsequently commenced action by plaintiff against Henry Tang in his home state of California, the California courts would dismiss for failure to join Georgette Tang, a New York resident, leaving plaintiff without any effective remedy. Concur—Rosenberger, J. P., Nardelli, Andrias, Ellerin and Saxe, JJ.